### KISTLER v. COLEMAN.

Civ. A. 10552.

United States District Court
W. D. Pennsylvania.

July 18, 1952.

Samuel Avins, Pittsburgh, Pa., for plaintiff.

Frank Reich, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This matter comes before this Court on application for preliminary injunction.

On or about December, 1945, plaintiff and defendant entered into an oral agreement of partnership, by the terms of which they associated themselves as partners under the firm name of Coleman Motor Company, carrying on a new car automobile sales agency. A dispute has arisen between the partners as to a proper accounting and segregation of assets, which is now pending before this Court for determination.

Relief is sought by way of enjoining defendant from selling, transferring, conveying, mortgaging, encumbering or otherwise disposing of real estate now vested in the Coleman Motor Company, a partnership, other real estate, contiguous thereto which is in the individual name of defendant, and a franchise held by the Coleman Motor Company with Studebaker Motor Corporation.

A temporary restraining order was issued on June 19, 1952 by my associate, the Honorable Rabe F. Marsh, Jr., which this member of the court extended until ad-

---

4. Cohan v. C. I. R., 2 Cir., 39 F.2d 540; Rugel v. C. I. R., 8 Cir., 127 F.2d 393.

judication of the application for preliminary injunction. .

An evaluation of the testimony given by defendant, called as a witness for cross-examination, together with the answers elicited from plaintiff by way of deposition and interrogatory, as well as the pleadings and verified complaint offered in evidence, has convinced me that irreparable injury may result during pendency of this action, unless such temporary injunction is granted.

Accordingly, the Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. In 1945, plaintiff and defendant associated themselves as partners under the name, Coleman Motor Company.

2. Said partnership was engaged in carrying on a new car automobile sales agency.

3. Said business was conducted at 519-521-523 Penn Avenue, Wilkinsburg, Pennsylvania.

4. Said real estate remained in the defendant's name until the same was conveyed by deed dated January 16, 1952 and recorded in the Recorder of Deeds Office of Allegheny County, Pennsylvania, on May 27, 1952 to the Coleman Motor Company, a corporation.

5. The plaintiff also claims as a partnership asset and now of the corporation, two lots adjoining and west of the property at 519-21-23 Penn Avenue, Wilkinsburg, Pennsylvania.

6. Title to the aforementioned lots is in the name of Clarence C. Coleman.

7. A substantial dispute exists concerning the aforesaid lots.

8. Among the assets of Coleman Motor Company is a Studebaker new car franchise issued in the names of plaintiff and defendant.

### Conclusions of Law

1. The action is within the jurisdiction of this Court, based upon diversity of citizenship.

2. A substantial dispute exists, involving the real estate and new car franchise above referred to.

3. Plaintiff will suffer immediate and irreparable loss and damage if said real estate and franchise should be transferred by defendant, or if defendant should acquire in his own name alone a Studebaker new car franchise.

4. Plaintiff has made out a prima facie case entitling him to the injunctive relief prayed for.

5. The temporary restraining order should be extended until final adjudication herein.

An appropriate Order is entered.